**WILSON v. HINMAN et al.**

**WILSON v. POWERS et al.**

Nos. 3808, 3809.

United States Court of Appeals
Tenth Circuit.

Feb. 9, 1949.

Daisy D. Wilson, pro se.

George Powers, of Wichita, Kan., for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PER CURIAM.

Daisy D. Wilson appeals, pro se, from judgments of the United States District Court of Kansas, dismissing her two suits for damages.

Appellant, who was living in Wichita, Kansas, entered a $10,000 cosmetics sales contest sponsored by the Marena Company of Des Moines, Iowa. On February 2, 1938, she received a letter from Mr. Hinman, Manager of the Business Protective Bureau, of the Wichita Chamber of Commerce, stating that it would be to her interest to call at his office and receive information concerning the Company sponsoring the sales contest. After calling at the office of Mr. Hinman appellant refrained from further participation in the contest.

In February 1948, approximately ten years later, appellant filed this suit against Hinman and the Wichita Chamber of Commerce, seeking damages for having been allegedly forced from participating in the sales contest by their threats of imprisonment. After a motion to dismiss was filed, she brought suit against their counsel, seeking damages for an alleged conspiracy to prevent her from obtaining proper redress.

In Case No. 3808, against Hinman and the Chamber of Commerce, the trial court found lack of diversity of citizenship; no cause of action; and, that the action was barred by limitations. In Case No. 3809, against counsel, the court found lack of diversity of citizenship and no cause of action, and entered judgments dismissing each case.

We do not have the benefit of any formal pleadings on behalf of the appellant from which to judge the nature or form of her causes of action. She is an elderly person, almost totally deaf, and from her writings, appearance and statements in this court, it is apparent that she has only the vaguest conception of the legal nature or import of her expressed grievances. She does, however, complain of a deprivation of her civil rights, and invokes Sections 43 and 47 of the Civil Rights Act, 8 U.S.C.A., as the basis for her claims for damages.

Piecing together her incoherent statements, written and oral, to this court, we apprehend that the burden of appellant's grievances, when reduced to its legal significance, is that the Chamber of Commerce and its officers, acting under color of law, have deprived her of her constitutional right to follow a legitimate calling or business, i. e. selling cosmetics from door to door; and, that by their pleadings to her purported cause of action, counsel for Hinman and the Chamber of Commerce have conspired to deprive her of her civil rights, for all of which she prays damages.

Treating each of the suits separately as causes of action under the Civil Rights Act, supra, for which diversity of citizenship is not prerequisite, the judgments of the trial court must nevertheless be affirmed.

It is apparent from the record that if appellant had any cause of action against Hinman and the Chamber of Commerce, it accrued in February 1938, when she received Hinman's letter and called at his office. The time for filing an action under the Civil Rights Act is controlled by the applicable Kansas Statute of Limitations. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980; Gordon v. Garrson, D.C., 77 F.Supp. 477. Section 60-306, par. 3, Kansas G.S.1935, provides that an "action for injury to the rights of another, not arising on contract," must be brought within two years. There is, however, a vague claim in some of appellant's writings that the cause of action against Hinman and the Chamber of Commerce is a "refile" of an original action in 1940, which was dismissed, making the two year statute inapplicable. Section 60-311, Kansas G.S.1935, provides that an action brought "after reversal or failure other than upon the merits", shall be brought within one year. It follows that whether the action be considered as an original one, or a "refile", the statutory period for each has long since run, and the judgment in Case No. 3808 is therefore affirmed.

It is also too plain for comment that no cause of action arose against counsel for the appellees by the mere filing of a pleading in the case, which had the effect of raising the legal sufficiency of her complaint. The judgment in Case No. 3809 is also affirmed.