(636 P.2d 184)

No. 52,465

KENNETH R. COOPER, *Appellant,* v. HUTCHINSON POLICE DEPARTMENT; CHIEF OF POLICE BOB ADAMS; OFFICERS R. L. CONLIN, JR., #11, B. J. HILL, #9, R. L. MOORE, #44, S. GONZALES, #5, TRACY and FOUST; and a Jailer by the name of GARY, *Appellees.*
Petition for review denied January 15, 1982.

Opinion filed November 13, 1981.

*Ernest H. Moulos,* of Wichita, for the appellant.
*Steven L. Foulston,* of Wichita, for the appellees.

Before JUSTICE HERD, presiding, SWINEHART, J., and LEWIS L. McLAUGHLIN, District Judge Retired, assigned.

SWINEHART, J.: This is an appeal by plaintiff Kenneth R. Cooper from the judgment of the District Court of Reno County which denied plaintiff's motion to amend his petition and sustained defendants' motion for judgment on the pleadings in favor of defendants.

On May 12, 1980, plaintiff filed a pro se petition in the District Court of Reno County, as follows:

"I, Kenneth R. Cooper, file suit against the Hutchinson Police Dept. and cheif [*sic*] of police Bob Adams, and officers R. L. Conlon Jr. #11, B.J. Hill #9, R.L. Moore #44, G. Gonzales #5, Tracy, and Foust, and a Jailer by the name of Gary, for the beatings and assualt [*sic*] that they committed against me on 5-13-1978 about 10.30 pm. for damages in excess of $10,000 and punitive damages."

On June 10, 1980, defendants filed a motion for judgment on the pleadings asserting that K.S.A. 60-514, the one-year statute of limitations, barred plaintiff's cause of action.

On June 19, 1980, plaintiff, through counsel, filed a motion to amend his petition, by alleging a cause of action based on violations of his civil rights. Plaintiff's amended allegations read in part:

"1.   That petitioner alleges that on or about May 13, 1978, his rights pursuant to the I., IV., V., VI., VIII., IX., and XIV. Amendments to the Constitution of the United States by the Hutchinson Police Department and officers thereof.

"2.  That petitioner alleges that said officers conspired to violated [*sic*] his rights.

"3.  That said law enforcement officers did violate specificly [*sic*] petitioner's right to 'free speech', 'assistance of counsel', not to have 'Cruel and unusual punishment' inflicted and his right to privacy and due process of law and the equal protection of the law."

The motions were heard by the trial court and the matters were taken under advisement. On July 18, 1980, the trial court entered its memorandum opinion in which it granted defendants' motion to dismiss and denied plaintiff's motion to amend. The court's reasoning was as follows:

"The plaintiff wishes to amend to allege violation of his civil rights under the U.S. Constitution. Since the tort action is barred by the statute of limitations, this Court would not have ancillary jurisdiction to hear plaintiff's alleged cause of action for civil rights violation, a federal action."

Plaintiff contends the trial court erred in refusing to allow him to amend his petition. The trial court's reason for its ruling, as was stated above, was because of a mistaken belief that the trial court would not have jurisdiction to hear the civil rights action. Since plaintiff's original assault and battery cause of action is barred by the statute of limitations, what would be left, if the petition were amended, would be a civil rights action. The action is comparable to a claim under 42 U.S.C. § 1983. It is a well-accepted rule of law that state courts exercise concurrent jurisdiction with federal courts over federal civil rights actions. The United States Supreme Court commented on this rule in a recent footnote in *Martinez v. California,* 444 U.S. 277, 283-84 n. 7, 62 L.Ed.2d 481, 100 S.Ct. 553 (1980):

"7. We note that the California courts accepted jurisdiction of this federal claim [§ 1983]. That exercise of jurisdiction appears to be consistent with the general rule that where ' "an act of Congress gives a penalty to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a State court.' " *Testa v. Katt,* 330 U.S. 386, 391 [91 L.Ed. 967, 67 S.Ct. 810 (1947)], quoting *Claflin v. Houseman,* 93 U.S. 130, 137 [23 L.Ed. 833 (1876)]. See also *Aldinger v. Howard,* 427 U.S. 1, 36, n. 17 [49 L.Ed.2d 276, 96 S.Ct. 2413 (1976)] (BRENNAN, J., dissenting); *Grubb v. Public Utilities Comm'n,* 281 U.S. 470, 476 [74 L.Ed. 972, 50 S.Ct. 374 (1930)]. We have never considered, however, the question whether a State *must* entertain a claim under § 1983. We note that where the same type of claim, if arising under state law, would be enforced in the state courts, the state courts are generally not free to refuse enforcement of the federal claim. *Testa v. Katt, supra,* at 394. But see *Chamberlain v. Brown,* 223 Tenn. 25, 442 S.W.2d 248 (1969)."

We find that the trial court erred in failing to accept jurisdiction and hear the federal civil rights cause of action, and for this reason should be reversed.

Defendants further contend that if the amendment to the petition is allowed, it should not be allowed to relate back in time to the original petition which failed to state a cause of action.

K.S.A. 60-215(c) states:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth *or attempted to be set forth* in the original pleading, the amendment relates back to the date of the original pleading." (Emphasis added.)

The purpose of this provision is to avoid the statute of limitations problem that a party has when he attempts to assert a new cause of action in an amended pleading after the statute of limitations for that cause of action has expired.

According to Judge Gard's Civil Procedure treatise:

"What this rule is really intended to say is that even though the statute of limitations is involved the amendment relates back if the requirements of the rule are met. It is really a narrowing of the exception to the general rule of relation back. Generally speaking if the pleader stays within the subject matter of his original pleading his amendment relates back if his original pleading shows an attempt to state a claim on the basis of the identified subject matter." Gard's Kansas C. Civ. Proc. 2d § 60-215, p. 101 (1979).

A review of plaintiff's original petition reveals he attempted to state a claim based on the beatings he allegedly sustained from some of the defendants. Plaintiff's proposed amendments to that petition concern the same incident. It is clear that defendants were actually notified about that incident through the original petition. We therefore find that the proposed amended petition should relate back in time to the original petition.

The remaining issue to be resolved concerns the appropriate statute of limitations for a civil rights action in Kansas. K.S.A. 60-513 reads in part:

"(a) The following actions shall be brought within two (2) years: (1) . . . (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated."

While a number of federal decisions have held this two-year statute of limitations to be applicable in Kansas civil rights actions, no Kansas appellate court has done so. *Wilson v. Hinman,* 172 F.2d 914 (10th Cir. 1949); *Brown v. Bigger,* 622 F.2d 1025

(10th Cir. 1980). We now hold that K.S.A. 60-513 is the appropriate statute of limitations for actions brought in Kansas for the injury to or denial of a person's civil rights.

Reversed and remanded.