No. 53,763

MICHAEL LEE MILLER, *Appellant*, v. THE CITY OF OVERLAND PARK, KANSAS, THE CITY OF KANSAS CITY, KANSAS, DENIS PLUMLY, AND OFFICER ROBINSON, *Appellees*.

(646 P.2d 1114)

Opinion filed June 11, 1982.

*Douglas J. Walker, Jr.,* of David R. Gilman & Associates, of Overland Park, was on the brief for appellant.

*Neil R. Shortlidge,* first assistant city attorney, argued the cause for City of Overland Park and Denis Plumly, appellees; *Kathryn Pruessner Peters,* assistant city attorney, argued the cause for City of Kansas City and T. J. Robinson, appellees; and *James L. Robinson,* assistant city attorney, of Overland Park, and *Robert E. Pinnell,* of Blackwell, Sanders, Matheny, Weary & Lombardi, of Kansas City, Missouri, were with them on the brief.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the plaintiff, Michael Lee Miller, from the dismissal of all of his alleged causes of action in what is essentially a false arrest action. The facts are not in dispute.

On June 14, 1979, plaintiff was arrested for running a stop sign in the City of Overland Park. The arresting officer, defendant Denis Plumly, requested a computer check and was advised there was an outstanding Kansas City, Kansas, arrest warrant for one Michael Lee Miller for failure to appear on a charge of driving with an expired license tag. Officer Plumly then transported Miller to the Overland Park police station where he was held for the Kansas City police. During this part of the incident, Mr. Miller tried to explain to Officer Plumly that he was not the Michael Lee Miller named in the arrest warrant; that his driver's license number was different from that of the fugitive Miller; and that he had never driven the particular automobile with the

expired tag. Officer Plumly refused to consider his explanations or attempt any verification of plaintiff's story and instead simply held him for transportation to Kansas City.

When plaintiff was taken to Kansas City by Kansas City police officers, he again tried to explain the mix-up. But again, the police declined to make any effort to verify plaintiff's version of the facts. Plaintiff was incarcerated for a number of hours and required to post bond before being released. He was directed to appear for trial on the expired tag charge on July 6, 1979, at which time the Kansas City, Kansas, police officer who made the expired tag arrest was unable to identify plaintiff as the operator of the vehicle and the case was dismissed. There does not appear to be any dispute that plaintiff was not the Michael Lee Miller sought by the Kansas City police.

Thereafter, on June 12, 1981, plaintiff filed a three-count petition for damages against Officer Plumly, the City of Overland Park, the City of Kansas City, and one Officer Robinson of the Kansas City police department. In Count I, plaintiff alleged a cause of action for false arrest and imprisonment. Count II alleged negligent arrest and Count III, a civil rights violation asserting the defendants had deprived plaintiff of his right to liberty without due process of law as prohibited by 42 U.S.C. § 1983. Plaintiff sought actual and punitive damages. The petition is unclear whether plaintiff was asserting all counts against all defendants. However, in view of the trial court's findings and our holding herein, it is not necessary to attempt to determine which counts apply to which defendants. June 14, 1981, fell on a Sunday so the plaintiff's petition was filed within two years of the date of his original arrest and incarceration. K.S.A. 60-206(a). It appears there were two Officer Robinsons on the Kansas City police force. T. J. Robinson had nothing to do with the arrest or incarceration of Miller. Rose Robinson was a booking officer and approved Miller's bond. Miller intended to sue Rose Robinson but caused summons to be issued to T. J. Robinson. When plaintiff's counsel was apprised of the error, no action was taken to effect proper service on Rose Robinson. The trial court dismissed the case as to T. J. Robinson and plaintiff does not appeal from that ruling.

All defendants filed motions for either summary judgment or dismissal which were sustained on various grounds. Counts I and

III were dismissed on the grounds they were barred by the one-year statute of limitations applying to false arrest actions. K.S.A. 60-514(2). Plaintiff has not appealed the dismissal of Count I and concedes it was barred by 60-514(2). Count II alleging "negligent arrest" was dismissed as failing to state a claim upon which relief could be granted. Plaintiff has not appealed that ruling. Count II was also dismissed based upon governmental immunity as provided in K.S.A. 1978 Supp. 46-902. The officers and the cities were obviously engaged in the performance of a governmental function and the dismissal was proper. *Cross v. City of Kansas City,* 230 Kan. 545, 638 P.2d 933 (1982). Other grounds for dismissal of Count II were also found by the trial court but they need not be considered further.

The sole viable issue before this court is whether the trial court was correct in its determination that the one-year statute of limitations for false arrest applied to Count III, which alleged a violation of plaintiff's civil rights under 42 U.S.C. § 1983. The trial court made, *inter alia,* the following conclusion of law:

"4. Claims brought pursuant to 42 U.S.C. § 1983 are governed by the state statute of limitations which is most analogous to the civil rights claim. *Board of Regents v. Tomanio,* 446 U.S. 478, 482-485 (1980). The statute of limitations to be applied to Count III of the plaintiff's petition is K.S.A. 60-514, which statute bars said claim, and therefore Count III should be dismissed against all defendants."

K.S.A. 60-514 provides:

"The following actions shall be brought within one (1) year. (1) An action for libel or slander.
(2) An action for assault, battery, malicious prosecution, or false imprisonment.
(3) An action upon statutory penalty or forfeiture."

Appellant contends the appropriate statute of limitations is K.S.A. 60-513(*a*)(4), which provides:

"(*a*) The following actions shall be brought within two (2) years:
. . . . .
(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated."

There is no congressionally mandated statute of limitations for § 1983 actions. Federal courts are instructed to look to state law to determine such limitations. *Board of Regents v. Tomanio,* 446 U.S. 478, 64 L.Ed.2d 440, 100 S.Ct. 1790 (1980). In fact, 42 U.S.C. § 1988 mandates that federal courts apply the law of the state in a § 1983 action "so far as the same is not inconsistent with

the Constitution and laws of the United States." Although the federal courts in civil rights actions apply the state period of limitations for the most analogous cause of action consistent with the facts asserted to support the civil rights claim, *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 44 L.Ed.2d 295, 95 S.Ct. 1716 (1975), *Zuniga v. AMFAC Foods, Inc.,* 580 F.2d 380 (10th Cir. 1978), there is no bar to a state Supreme Court interpreting or construing any of its own limitations statutes as specifically applying to particular § 1983 actions, without resort to analogy. When a state has determined the appropriate statute of limitations for a given set of facts upon which a § 1983 action is based, the federal courts will then apply such determination to similar actions brought in federal court as required by §1988. The reason for § 1988 is obvious. It would not be in the best interests of justice to have differing statutes of limitations between the state and federal courts for civil rights actions based upon the same set of facts. Under such circumstances, the cause of action might be barred in one court and not in the other, leading to forum shopping and other inconsistencies.

It must be conceded that several federal cases have applied the two-year statute of limitations to civil rights actions arising in Kansas. In *Wilson v. Hinman, et al, and Wilson v. Powers, et al,* 172 F.2d 914 (10th Cir. 1949), the court stated:

"The time for filing an action under the Civil Rights Act is controlled by the applicable Kansas Statute of Limitations. (Citations omitted.) Sec. 60-306, par. 3, Kansas G.S. 1935, provides that 'an action for injury to the rights of another, not arising on contract,' must be brought within two years." p. 915.

Again, in *Brown v. Bigger,* 622 F.2d 1025 (10th Cir. 1980), we find:

"Federal courts must apply the applicable state statute of limitations in a civil rights action. *Crosswhite v. Brown,* 424 F.2d 495 (10th Cir. 1970). The applicable state statute of limitations in Kansas is two years. Kan. Stat. Ann. § 60-513(a)(4) (1976); see *Hannon v. Woodson,* Unpublished No. 76-1873 (10th Cir. April 18, 1977)." p. 1026.

In the *Wilson* cases plaintiff was an elderly woman who appeared pro se and as the court noted, "We do not have the benefit of any formal pleadings on behalf of the appellant from which to judge the nature or form of her causes of action." 172 F.2d at 915.

In *Brown* the cause of action was based upon allegations by a penitentiary inmate that several guards forcibly put him to bed

while he was in a hospital for treatment and such action by the guards constituted cruel and unusual punishment. While the court found that K.S.A. 60-513(*a*)(4) was the appropriate statute of limitations, it also found that the statute was tolled while Brown was in prison (K.S.A. 60-515[*a*]) and therefore the determination of what statute of limitations applied was not germane to the court's decision.

*Zuniga v. AMFAC Foods, Inc.*, 580 F.2d 380 (10th Cir. 1978), was a case in which the court was faced with a determination of the proper Colorado statute of limitations to be applied to an action asserting a violation of Zuniga's civil rights under 42 U.S.C. § 1981. In determining that the factual situation supporting plaintiff's alleged cause of action should be compared to the Colorado cause of action, if any, which would be supported by such facts, the court stated:

"In sum, the answer to our limitations question requires analysis of the essential nature of the federal claim and comparison to similar state actions." 580 F.2d at 384.

In *Cooper v. Hutchinson Police Department*, 6 Kan. App. 2d 806, 636 P.2d 184 (1981), *rev. denied* 230 Kan. 817 (1982), our own Court of Appeals had occasion to consider the appropriate statute of limitations to be applied in a § 1983 action based upon assault and battery allegations. The court stated:

"The remaining issue to be resolved concerns the appropriate statute of limitations for a civil rights action in Kansas. K.S.A. 60-513 reads in part:

'(*a*) The following actions shall be brought within two (2) years: (1) . . . . (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.'

"While a number of federal decisions have held this two-year statute of limitations to be applicable in Kansas civil rights actions, no Kansas appellate court has done so. *Wilson v. Hinman*, 172 F.2d 914 (10th Cir. 1949); *Brown v. Bigger*, 622 F.2d 1025 (10th Cir. 1980). We now hold that K.S.A. 60-513 is the appropriate statute of limitations for actions brought in Kansas for the injury to or denial of a person's civil rights." pp. 808-809.

We are of the opinion that the rule laid down in *Cooper* is overly broad and that all § 1983 actions are not covered by K.S.A. 60-513(*a*)(4). In the instant case, it is obvious that plaintiff's complaints all grow out of one simple set of facts which traditionally would support a cause of action for false arrest and imprisonment. K.S.A. 60-514 provides that a one-year statute of limitations shall apply to certain clearly specified actions, to-wit:

libel, slander, assault, battery, malicious prosecution, *false imprisonment* and an action upon a statutory penalty or forfeiture. We do not believe that it was the intent of Congress in enacting §1983 to establish a cause of action with a different statute of limitations than that provided by the state for a common law or state statutory action on the identical set of facts. Indeed, the very reason for § 1988 and the application of state periods of limitation to § 1983 actions is to avoid such inconsistency. 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

As previously indicated, the federal courts, in order to assure uniformity, are required to follow state law in applying the statute of limitations to a § 1983 action. Where a particular set of facts will only support causes of action enumerated in K.S.A. 60-514, it would be incongruous, to say the least, that a one-year period of limitations would apply to a common law or state statutory cause of action and a different period of limitations would apply to a separate cause of action under § 1983 based upon the same identical facts. Indeed, from recent pronouncements of the United States Supreme Court, it appears that there may be no basis for a due process civil rights action under § 1983 when an adequate remedy is provided by state law. See *Parratt v. Taylor,* 451 U.S. 527, 68 L.Ed.2d 420, 101 S.Ct. 1908 (1981). As that issue is not before us at this time, we need not speculate upon the effect of *Parratt* on similar cases.

While 60-513(*a*)(4) may be the appropriate statute of limitations to be applied to other § 1983 civil rights causes of action (a determination we are not called upon to make at this time), when our legislature has specifically adopted a lesser period of time for certain specific types of action, we believe such time limits should also apply to a § 1983 cause of action when it is based solely upon facts which would fall within K.S.A. 60-514.

We hold that when a § 1983 civil rights action is based upon facts which would support under state law only an action for libel, slander, assault, battery, malicious prosecution, false imprisonment or an action upon a statutory penalty or forfeiture,

K.S.A. 60-514 is the correct statute of limitations to be applied and that such an action is barred after one year. To the extent that Syl. ¶ 1 and the corresponding portion of the opinion in *Cooper v. Hutchinson Police Department*, 6 Kan. App. 2d 806, 636 P.2d 184 (1981), hold to the contrary, the decision of the Court of Appeals in *Cooper* is overruled.

The judgment is affirmed.

HERD, J., dissents.