(943 P.2d 942)
No. 77,112

SHIRLEY C. SWINEHART, *Appellant,* v. THE CITY OF OTTAWA, KANSAS, a Municipal Corporation; MARK D'AUGEREAU; and TIM AHRENS, *Appellees.*

Opinion filed August 15, 1997.

*Wendell J. Barker,* of Ottawa, for appellant.

*Michael K. Seck,* of Fisher, Patterson, Sayler & Smith, L.L.P., of Overland Park, for appellees.

Before GREEN, P.J., MARQUARDT, J., and C. ROBERT BELL, District Judge, assigned.

MARQUARDT, J.: Shirley C. Swinehart appeals from the district court's order granting summary judgment to the appellees on all of her claims.

In July 1993, Michael Ecord and Swinehart were living together in Ecord's house. Prior to July 17, 1993, Ecord had told Swinehart to move out at least two or three times. On July 17, after Swinehart and Ecord had a disagreement, Ecord again told Swinehart to leave, but she ignored him. Ecord told Swinehart that he was going to call the police. Swinehart replied that she was going to sleep and that she would talk to Ecord in the morning. Ecord proceeded to call the police. Officer Tim Ahrens and Sergeant Mark d'Augereau arrived at Ecord's house at approximately 4 a.m. Ecord told the officers that he wanted Swinehart removed from his residence.

Ecord told Sergeant d'Augereau that Swinehart had been staying with him for a short time and that he had tried for several days to get her to leave without success. Sergeant d'Augereau testified that in his opinion, if Swinehart was residing at the house, then she had a right to be there and that it would take a court order to remove her. Although the record indicates that Ecord and Swinehart had lived together for 3-4 years, Ecord told Sergeant d'Augereau that Swinehart did not reside at his house.

Swinehart testified that she was awakened by officers shining a flashlight in her face. Sergeant d'Augereau told Swinehart that Ecord wanted her to leave. Sergeant d'Augereau asked Swinehart to leave because he thought it would facilitate a peaceful resolution. However, Swinehart became belligerent and refused to leave.

The officers told Swinehart several times to leave, and she responded with vulgarities. Sergeant d'Augereau testified that Swinehart laid down on a couch and said that she was not going anywhere. When Sergeant d'Augereau told Swinehart that she was under arrest for disorderly conduct and that she needed to get off the couch, she rolled over into a passive resistance position. Officer Ahrens then grabbed Swinehart's shoulders and "slid" her off the couch. Sergeant d'Augereau testified that "[Swinehart] kind of just slid off the couch before I could get to her legs. Once she was on the floor, Officer Ahrens and I rolled her over, and I did put the handcuffs on her." Sergeant d'Augereau also testified that Swinehart locked her arms together before leaving the couch.

Swinehart's description of the events differed from that of the officers. Swinehart testified that after she swore at the officers,

"[T]hey jerked me off the daybed [and] slammed me face down on the floor." Swinehart testified that an officer grabbed her arms and twisted them tightly behind her back so that she was not able to catch herself from falling off the couch. Swinehart told the officers that they were hurting her. Swinehart testified that she did not lock her arms together to prevent the officers from handcuffing her.

Ecord testified that the officers' treatment of Swinehart "was a very violent act" and a "pretty vicious bodily thing," with Swinehart being thrown face down on the floor. When Ecord saw how the officers were treating Swinehart, he told them not to arrest her and that she could stay. Sergeant d'Augereau told Ecord that Swinehart was under arrest for disorderly conduct.

Swinehart complained that she suffered physical injuries to her right shoulder and arm during the arrest. As a result, Swinehart needed physical therapy and eventually underwent surgery to repair the ligaments in her shoulder.

On July 17, 1995, Swinehart filed suit alleging that she had been unlawfully arrested and interrogated, that she had been assaulted and battered, and that the "illegal actions of the Defendants, including their excessive and unnecessary use of force," had caused her injuries. Swinehart alleged causes of action against Sergeant d'Augereau, Officer Ahrens, and the City of Ottawa (defendants) under 42 U.S.C. § 1983 (1994) and the United States and Kansas Constitutions. Swinehart also alleged a cause of action against the City of Ottawa for a pattern and practice of allowing its police officers to use excessive and unnecessary force in making arrests.

The district court granted summary judgment to the defendants on all counts and assessed the costs of the action against Swinehart. Swinehart appeals the district court order on the following issue: "The trial court erred in ruling that the plaintiff did not state a cause of action under [42 U.S.C. § 1983]."

The district court's order did not expressly mention Swinehart's § 1983 claim; however, it did state: "Following the cases cited on page 12 of the defendants' motion, this court finds an adequate remedy existed under state law which is now barred by the statute of limitation[s]." The cases cited are as follows: *Graham v. Connor,*

490 U.S. 386, 393-94, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989); *Parratt v. Taylor*, 451 U.S. 527, 537, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), *overruled in part Daniels v. Williams*, 474 U.S. 327, 330-31, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986); *Alvarado v. City of Dodge City*, 238 Kan. 48, 53-54, 708 P.2d 174 (1985); *King v. Pimentel*, 20 Kan. App. 2d 579, 593-94, 890 P.2d 1217 (1995); *Massey v. Shepack*, 12 Kan. App. 2d 770, 775, 757 P.2d 329 (1988). The essence of defendants' argument was that "plaintiff's Second Cause of Action and Fourth Cause of Action are barred by the existence of an adequate state law remedy; that being an action for malicious prosecution, assault and battery."

The question of whether Swinehart's § 1983 claims were barred by an adequate state remedy is a question of law subject to unlimited review by this court and one that has not been addressed by Kansas appellate courts. See *Security Benefit Life Ins. Corp. v. Fleming Companies, Inc.*, 21 Kan. App. 2d 833, 836, 908 P.2d 1315 (1995), *rev. denied* 259 Kan. 928 (1996).

42 U.S.C. § 1983 provides, in part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. § 1983 is not itself a source of substantive rights, but rather a method for vindicating federal rights elsewhere conferred. *Graham*, 490 U.S. at 393-94; *Albright v. Oliver*, 510 U.S. 266, 271, 127 L. Ed. 2d 114, 114 S. Ct. 807, *reh. denied* 510 U.S. 1215 (1994).

"When congress created the cause of action codified in 42 U.S.C. § 1983 (1988), it did not provide a statute of limitations. *Miller v. City of Overland Park*, 231 Kan. 557, 559, 646 P.2d 1114 (1982)." *Lindenman v. Umscheid*, 255 Kan. 610, 625, 875 P.2d 964 (1994). Since § 1983 does not provide a statute of limitations, the state statute of limitations that most closely fits the facts of the claim is applied. 255 Kan. at 625.

Defendants correctly stated that Swinehart's assault and battery claim was barred by the 1-year statute of limitations provided in K.S.A. 60-514(b) on actions involving assault, battery, malicious prosecution, or false imprisonment. Swinehart filed her cause of action 2 years after the July 17 incident, and she does not appeal the district court's ruling on this issue.

Although one of Swinehart's causes of action was for assault and battery, she also raised constitutional issues, alleging that the police officers used excessive force during her arrest. See *Putman v. Gerloff*, 639 F.2d 415, 420 (8th Cir. 1981) (noting that the constitutional excessive force inquiry is very different from a battery analysis). A claim of excessive use of force by officers is governed by the 2-year statute of limitations in K.S.A. 60-513(a)(4), which provides that an action for injury to the rights of another, not arising on contract and not otherwise enumerated, must be brought within 2 years. *Oyler v. Finney*, 870 F. Supp. 1018, 1023 (D. Kan. 1994), *aff'd* 52 F.3d 338 (10th Cir. 1995); *Cowdrey v. City of Eastborough, Kan.*, 730 F.2d 1376, 1378 (10th Cir. 1984).

In *Parratt*, 451 U.S. 527, the plaintiff, an inmate, ordered hobby materials that were lost by prison employees. The plaintiff filed a § 1983 action against prison officials. The *Parratt* Court held that when a state provides an adequate remedy in tort for a *negligent deprivation of property*, that remedy itself constitutes the due process required by the Fourteenth Amendment to the United States Constitution. 451 U.S. at 541, 544; see *Alvarado*, 238 Kan. at 53.

Defendants cite *Alvarado*, 238 Kan. 48, as support for their proposition that Swinehart's § 1983 claims are barred. In *Alvarado*, the court addressed a § 1983 claim against an off-duty police officer for his actions as a store security guard in apprehending the plaintiff as a suspected shoplifter. The *Alvarado* court held that under the facts of the case, "the Kansas tort actions for false imprisonment, battery, and defamation provide an adequate postdeprivation remedy sufficient to satisfy the requirements of due process under the Fourteenth Amendment." 238 Kan. at 55.

*Lindenman*, 255 Kan. 610, which was decided after this appeal was filed, also dealt with § 1983 claims. The Lindenmans, who

owned three day care centers, filed suit under § 1983 against the Kansas Department of Health and Environment and the Kansas City, Kansas—Wyandotte County Department of Health, alleging due process violations and malicious prosecution claims. The *Lindenman* court held that the claimants had adequate state remedies under state law for malicious prosecution and, therefore, could not seek relief under § 1983. Justice Lockett, who wrote for the court, stated: "Where states provide an adequate remedy, that remedy itself constitutes the due process required by the Fourteenth Amendment," and the applicable state remedy bars a § 1983 claim. *Lindenman*, 255 Kan. at 628; see *Parratt*, 451 U.S. at 544. The *Lindenman* court noted that the Fourteenth Amendment does not protect against all deprivations of life, liberty, or property by the State; rather, the Fourteenth Amendment only protects against deprivations "without due process of law." *Lindenman*, 255 Kan. at 627-28; see *Parratt*, 451 U.S. at 537.

Several federal circuit courts have expressly held that the use of excessive or unreasonable force by police officers in the exercise of their authority gives rise to a § 1983 claim. See, *e.g.*, *Russo v. City of Cincinnati*, 953 F.2d 1036, 1044 (6th Cir. 1992). In *Lavicky v. Burnett*, 758 F.2d 468, 472 n.1 (10th Cir.), *cert. denied* 474 U.S. 1101 (1985), the court noted that the *Parratt* bar on § 1983 claims does "not apply to violations of substantive constitutional proscriptions under the Fourth Amendment." The *Parratt* court expressly distinguished cases that arise under the Fourth Amendment from those that it held were barred by an adequate state tort remedy. 451 U.S. at 536; see *Gilmere v. City of Atlanta, Ga.*, 774 F.2d 1495, 1501-02 (11th Cir. 1985), *cert. denied* 476 U.S. 1115 (1986) (discussing *Parratt* and noting that the existence of state tort remedies does not bar the direct assertion of Fourth Amendment claims in federal court). Numerous Tenth Circuit and Kansas federal district court cases analyze excessive force claims as viable § 1983 claims under the objective reasonableness standard of the Fourth Amendment. See, *e.g.*, *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1516 (10th Cir. 1995) (citing *Graham*, 490 U.S. at 397); *Smith v. Delamaid*, 842 F. Supp. 453, 458 (D. Kan. 1994).

"The use of excessive force in an arrest implicates the right of a person under the Fourth Amendment 'to be secure . . . against unreasonable . . . seizure.'" *Swanson v. Fields*, 814 F. Supp. 1007, 1016 (D. Kan.), *aff'd* 13 F.3d 407 (10th Cir. 1993); see *Graham*, 490 U.S. at 394. In *Graham*, 490 U.S. at 395, the Court held that 42 U.S.C. § 1983 claims of the use of excessive force by law enforcement officers in an arrest are analyzed under the Fourth Amendment and its objective reasonableness standard rather than under a general substantive due process approach. See *Albright*, 510 U.S. at 273-75; *Smith*, 842 F. Supp. at 458.

In analyzing whether the police used excessive force, the court must determine "whether the officers' actions were objectively reasonable in light of the facts and circumstances surrounding them." *Thompson*, 58 F.3d at 1516; see *Graham*, 490 U.S. at 397. The factors employed to determine reasonableness include the severity of the crime at issue, whether the subject poses an immediate threat to the safety of the officer, and whether the subject is resisting arrest. *Graham*, 490 U.S. at 396; *Wilson v. Meeks*, 52 F.3d 1547, 1553 (10th Cir. 1995).

The district court order stated that the "officers had probable cause to arrest the plaintiff." However, the order also stated that a "dispute of fact exists as to whether excessive force was used in the arrest." See *Berry v. City of Phillipsburg, Kan.*, 796 F. Supp. 1400, 1404 (D. Kan. 1992) (holding that a jury could reasonably find that the defendants' use of force was unreasonable).

In granting summary judgment, a district court

"is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260, 891 P.2d 435 (1995).

There is a material issue of fact as to whether the force used by the police officers was excessive.

The district court did not evaluate Swinehart's excessive force claims. Instead, the district court barred Swinehart's § 1983 claims

without specifying what state tort remedy would apply to the excessive force claims. We hold that 42 U.S.C. § 1983 claims of excessive use of force by police officers during an arrest are not barred by state tort remedies.

The defendants acknowledge that excessive force claims are governed by the Fourth Amendment and argue that Swinehart's § 1983 claims are "barred by her failure to proceed pursuant to the Fourth Amendment of the United States Constitution." The defendants argue that Swinehart merely mentioned the Fourteenth Amendment in her petition. This argument ignores the fact that the Due Process Clause of the Fourteenth Amendment incorporates the Fourth Amendment. See *Parratt*, 451 U.S. at 536; *Mapp v. Ohio*, 367 U.S. 643, 655, 6 L. Ed. 2d 1081, 81 S. Ct. 1684 (1961). Swinehart's petition alleged that her rights as "secured . . . by the Constitution and laws of the United States" had been violated; thus, the Fourth Amendment was incorporated.

Reversed and remanded for a trial on Swinehart's § 1983 excessive use of force claims.