**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANTHONY WAYNE ELROD,

      Plaintiff - Appellant,

  v.

(FNU) WALKER, Correctional
Officer, USP-Leavenworth, in his
official and personal capacity;
MICHAEL C. GRAY, Correctional
Officer, USP-Leavenworth, in his
official and personal capacity;
STEVEN L. LACY, Correctional
Officer, USP-Leavenworth, in his
official and personal capacity;
MATTHEW L. GUM, Correctional
Officer, USP-Leavenworth, in his
official and personal capacity;
FEDERAL BUREAU OF PRISONS;
UNITED STATES OF AMERICA;
FNU LNU, Fifteen Unknown BOP
Correctional Officers,
USP-Leavenworth, in their official and
personal capacities,

      Defendants - Appellees.

No. 12-3058

(D. Kansas)

(D.C. No. 5:06-CV-03115-SAC)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value

(continued...)

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Plaintiff Anthony Wayne Elrod appeals the dismissal of his claims against numerous federal officers and employees of the federal Bureau of Prisons (BOP), the BOP itself, and the United States. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The relevant pleading is Mr. Elrod's First Amended Complaint filed in the United States District Court for the District of Kansas. Mr. Elrod asserted five claims, which we recharacterize as the following eight claims: (1) that on April 14, 2005, A. Walker, Steve Lacy, Matthew Gum, and Michael Gray, all correctional officers at the United States Penitentiary-Leavenworth (USPL), together with 15 unnamed officers, assaulted and robbed him in violation of the Eighth Amendment; (2) that the assault was in retaliation for Mr. Elrod's prior lawsuits and administrative complaints; (3) that the United States was liable under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, for the property loss, assault, and battery; (4) that Dr. William McCollum, a physician at USPL, violated the Eighth Amendment by failing to provide medical care, that his failure was an act of retaliation for Mr. Elrod's past lawsuits and administrative

[*](...continued)
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaints, and that his continued care of Mr. Elrod violated the conflict-of-interest provisions in 18 U.S.C. § 208(a); (5) that USPL correctional officers Mark Sedillo and Ronald Stratton, USPL warden Eddie Gallegos, and BOP director Harley G. Lappin failed to provide him with certain forms necessary to pursue administrative remedies, thereby violating his due-process rights and access to the courts; (6) that the USPL officers and Dr. McCollum wrote false reports and otherwise covered up the April 2005 incident and deprived him of due process at his administrative hearing; (7) that officers Sedillo, Stratton, and Lacy conducted administrative hearings that violated his procedural-due-process rights; and (8) that United States Penitentiary-Lewisburg employees Bryan Bledsoe, S. Brown, Kevin Pigos, Mark Peoria, and Francis Fasciana, and BOP Northeast Regional Director J. L. Norwood violated the Eighth Amendment by denying him proper medical care. Mr. Elrod requested compensatory and punitive damages and an injunction requiring removal of false reports from his prison files. The claims for constitutional violations were brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The district court dismissed most of the claims for failure to state a claim. It dismissed all *Bivens* claims against the United States, the BOP, and the other defendants in their official capacities as barred by sovereign immunity, ruled that the United States was the only proper defendant for plaintiff's FTCA claim, and denied injunctive relief. It dismissed claim 4 because (a) mere disagreement with

a course of treatment did not give rise to an Eighth Amendment violation, (b) the bare assertion of retaliation was insufficient to state a claim, and (c) 18 U.S.C. § 208(a) did not disqualify Dr. McCollum from treating Mr. Elrod or supervising his care. It dismissed claim 5 because Mr. Elrod had no constitutional right to a particular procedure and he identified no nonfrivolous legal claim that he was prevented from pursuing in court. It dismissed claims 6 and 7 because no liberty interest protected by the Due Process Clause was implicated by the disciplinary hearing, which did not result in lengthening his incarceration or subjecting him to extraordinary or unexpected incidents of prison life. The court dismissed claim 8 for lack of personal jurisdiction over the defendants named in the claim.

The defendants then moved to dismiss or for summary judgment on the remaining claims. The district court dismissed claims 1 and 2 because Mr. Elrod had failed to exhaust his administrative remedies and had failed to present any proper evidence that he had been denied prison forms necessary to pursue such remedies. As for the FTCA claims, the court dismissed the property-loss claim for failure to exhaust administrative remedies; dismissed the assault claim because Mr. Elrod had offered no evidence of any threat by any defendant or of his immediate apprehension of bodily harm, *see Ayala v. United States*, 49 F.3d 607, 611 (10th Cir. 1995) ("We . . . look to the law of the state in which the alleged tortious activity occurred to resolve questions of liability under the FTCA."); *Baska v. Scherzer*, 156 P.3d 617, 622 (Kan. 2007) ("Assault is defined

in this state as an intentional threat or attempt, coupled with apparent ability, to do bodily harm to another, resulting in immediate apprehension of bodily harm." (internal quotation marks omitted)); and dismissed the battery claim because Mr. Elrod's alleged version of events was not supported by admissible evidence that the officers used unreasonable force and was contradicted by a video tape of the April 14, 2005, incident, *see Swinehart v. City of Ottawa*, 943 P.2d 942, 946 (Kan. Ct. App. 1997) ("In analyzing whether [a law enforcement officer] used excessive force, the court must determine whether the officers' actions were objectively reasonable in light of the facts and circumstances surrounding them." (internal quotation marks omitted)).

We review de novo the district court's grant of a motion to dismiss, *see Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), and its grant of a motion for summary judgment, *see Roberts v. Barreras*, 484 F.3d 1236, 1239 (10th Cir. 2007). Mr. Elrod's brief on appeal repeats allegations in his amended complaint but does not address the grounds for the district court's rulings. Because that court's reasoning appears sound, we affirm for substantially the reasons stated in the decisions below. We add only that the dismissal of claim 5 can also be supported by the district court's later determination that Mr. Elrod provided no proper evidence that he had been denied the necessary forms.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge