No. 20,894.

CHARLES W. SMITH, *Appellant,* v. JOHN PARMAN et al. (JOHN PARMAN, *Appellee*).

### SYLLABUS BY THE COURT.

1. CITY ATTORNEY—*Malicious Prosecution—Immune from Civil Liability.* A city attorney, while engaged in the prosecution of a person charged with the violation of an ordinance, is entitled to the same immunity from civil liability with respect thereto as ordinarily attaches to the office of a public prosecutor.

2. SAME. Irrespective of his motives, a public prosecutor can not be held liable in a civil action on account of having instituted or maintained a prosecution in that capacity for an alleged violation of the criminal law.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed June 9, 1917. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*John Parman,* of Arkansas City, *pro se.*

The opinion of the court was delivered by

MASON, J.: Charles W. Smith brought an action against John Parman and others, charging them in several counts with having brought malicious prosecution against him under the ordinances of a city of the second class. Parman filed a plea in abatement, alleging that at the time of the conduct on his part of which the plaintiff complained he was the city attorney and was acting in that capacity. The trial court held the plea to be good and dismissed the case as to Parman. The plaintiff appeals. It is conceded that Parman was the city attorney at the time the prosecutions complained of were brought. The method by which that circumstance is brought to the consideration of the court is not important. The case involves the question whether a city attorney is liable in damages to the person injured if he maliciously and without probable cause institutes a prosecution against him under an ordinance.

1. The statute provides for the appointment of a city attorney, but does not define his duties. (Gen. Stat. 1915, § 1684.) Doubtless from the practice in this state the duty of prosecuting violators of the city ordinances is implied from the mere name of the office. In the brief of the appellee a copy of an ordinance is set out giving the city attorney control of such prosecutions. While this is not formally in the record the accuracy of the copy is not questioned. We regard the city attorney, while engaged in the prosecution of persons charged with offenses against the ordinances, as entitled to the same privileges and immunities that ordinarily attach to the office of a public prosecutor. A proceeding of that kind is essentially a criminal action. (*Neitzel v. City of Concordia*, 14 Kan. 446.)

2. In one of the few discussions by text-writers of the liability of a public prosecutor to an action for malicious prosecution it is said:

"A prosecuting attorney, being a judicial officer of the state, is not liable in damages for acts done in the course of his duty, although wilful, malicious or libelous." (32 Cyc. 717.)

This text is obviously based upon *Griffith v. Slinkard*, 146 Ind. 117, the other cases cited in connection with it not bearing directly upon the matter. The reference to the prosecutor as a judicial officer might seem open to question. Much of his work is advocacy. But the important matter of determining what prosecutions shall be instituted is committed in a considerable degree to his sound judgment, and in the exercise of that function he acts at least in a quasi-judicial capacity. Judges are exempt from civil liability for official acts even if corruptly done, the reason being that the independence of their conduct is thereby promoted, to the benefit of the public. (15 R. C. L. 543; 23 Cyc. 567; 17 A. & E. Encycl. of L. 725.) Grand jurors are given the same immunity with respect to indictments returned by them, for a similar reason. (20 Cyc. 1356; 17 A. & E. Encycl. of L. 1302.) The public prosecutor in deciding whether a particular prosecution shall be instituted or followed up performs much the same function as a grand jury. If, while he has a question of that kind under advisement, he is charged with notice that he may have to defend an action for malicious prosecution in case of a failure to convict, his course may be influenced by that consideration, to the disadvantage

of the public.   Communications made to a public prosecutor relating to offenses against the law are treated as privileged because "persons having knowledge of the commission of a crime ought to be encouraged to reveal to the prosecuting attorney fully, freely and unreservedly the source and extent of their information." (*Michael v. Matson,* 81 Kan. 360, 366, 105 Pac. 537.)   We think the reason for granting immunity to judges and grand jurors applies with practically equal force to a public prosecutor in his relations to actions to punish infractions of the law.   There is no great danger that abuse of power will be fostered by this exemption from civil liability, for the prosecutor is at all times under the wholesome restraint imposed by the risk of being called to account criminally for official misconduct (Gen. Stat. 1915, § 3588) or of being ousted from office on that account.  (Gen. Stat. 1915, § 7603.)

The judgment is affirmed.