**Karl K. SMITHSON, Plaintiff,**

v.

**John W. RAY et al., Defendants.**

**No. CIV–4–76–10.**

United States District Court,
E. D. Tennessee,
Winchester Division.

May 3, 1976.

Thomas E. Watts, Jr., Nashville, Tenn., for plaintiff.

W. A. Moody, Nashville, Tenn., Harry B. Gilley, Manchester, Tenn., and John M. McCord, Tullahoma, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for monetary damages for directly and conspiratorially depriving the plaintiff of his civil rights, 42 U.S.C. §§ 1983, 1985(3). 28 U.S.C. §§ 1343(1), (3). The defendant Mr. John W. Ray, undisputedly the county judge of Coffee County, Tennessee at the pertinent times, moved for a dismissal of the action as to him for the failure of the plaintiff to state a claim on which relief can be granted herein, Rule 12(b)(6), Federal Rules of Civil Procedure, in that he is immune judicially from such suits.

It is the contention of the plaintiff that, in some of his conduct, such defendant was acting beyond his jurisdiction. It is only when a Tennessee judge has jurisdiction over both the parties and the subject matter that he is immune from a suit for money damages for deprivation of civil rights. *Phipps v. Armour,* D.C.Tenn. (1971), 335 F.Supp. 768, 769[1], citing *Kenney v. Fox,* C.A. 6 (1956), 232 F.2d 228, 292[4], certiorari denied *sub nom. Kenney v. Killian* (1956), 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66.

As the Supreme Court recently summarized:

\* \* \* \* \* \*

\* \* \* The common-law absolute immunity of judges for "acts committed within their judicial jurisdiction," see *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872), was found to be preserved under [42 U.S.C.] § 1983 in *Pierson v. Ray,* 386 U.S. 547, 554–555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).[12] \* \* \*

[12] The Court described the immunity of judges as follows:

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that judges should be at liberty to exercise their functions with independence and without fear of consequences.' " 386 U.S., at 553–554, 87 S.Ct., at 1217 (citation omitted).

\* \* \* \* \* \*

*Imbler v. Pachtman* (1976), 424 U.S. 409, 418, 96 S.Ct. 984, 989, 47 L.Ed.2d 128, 136. " \* \* \* The immunity of a judge *for acts within his jurisdiction* [emphasis provided] has roots extending to the earliest days of the common law. See *Floyd v.*

*Barker,* 13 Coke 23 (1608). Chancellor Kent traced some of its history in *Yates v. Lansing,* 5 John[s] 282 (N.Y.1810), and this [Supreme] Court accepted the rule of judicial immunity in *Bradley v. Fisher,* 13 Wall. 335, 20 L.Ed. 646 (1871). See n. 12, *supra.* * * * [Judges] * * * exercise a discretionary judgment on the basis of evidence presented to them. *Smith v. Parman,* 101 Kan. 115, 165 P. 663 (1917); *Watts v. Gerking,* 111 Or. 641, 222 P. 318 (1924). * * * " *Ibid.,* 424 U.S. at 423, 96 S.Ct. at 991, 47 L.Ed.2d at 139, no. 20. " * * * In addressing the consequences of subjecting judges to suits for damages under § 1983, the Court has commented: 'Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.' *Pierson v. Ray,* 386 U.S., at 554, 87 S.Ct., at 1218 * * * " *Ibid.,* 424 U.S. at 428, 96 S.Ct. at 994, 47 L.Ed.2d at 142, n. 26.

It thus being clear that the defendant Judge Ray is not entitled to judicial immunity for any acts by him beyond his jurisdiction,* his motion for a dismissal of this action as to him hereby is

DENIED.

---

* This Court, of course, will exclude from the jury's consideration any and all acts of this defendant taken within his jurisdiction.