(757 P.2d 329)
No. 60,891

DONALD MASSEY, a/k/a DONALD LEE MASSEY, *Appellant,* v. JOE SHEPACK, Meade County Attorney, MICHAEL E. COX, Meade County Sheriff, and BOARD OF COUNTY COMMISSIONERS OF MEADE COUNTY, KANSAS, *Appellees.*

Opinion filed June 24, 1988.

*Gerald C. Golden*, of Meade, for appellant.

*Joe Shepack*, county attorney, pro se, and for appellee Board of County Commissioners of Meade County, Kansas.

*Curtis E. Campbell*, of Cimarron, for appellee Michael E. Cox, Meade County Sheriff.

Before SIX, P.J., LARSON J., and PAUL E. MILLER, District Judge, assigned.

LARSON, J: Donald Massey appeals from summary judgment granted in favor of Meade County Attorney Joe Shepack, Meade County Sheriff Michael E. Cox, and the Board of County Commissioners of Meade County in his action for wrongful detention and violation of his civil rights.

On February 11, 1985, Sheriff Cox arrested and held Massey for burglary and theft of valium from a drugstore in Meade, Kansas, after Massey confessed to the crime.

On February 13, 1985, Massey was charged with burglary and theft in a criminal complaint filed by Shepack. A summons was issued and Massey, who was in custody, was brought before a district magistrate judge, where counsel was appointed and Massey was ordered held in the Meade County Jail in lieu of a $25,000 bond.

On February 25, 1985, Massey filed a writ of habeas corpus. The following day, a district judge ordered Massey released because he had, in the judge's opinion, been illegally restrained by Sheriff Cox between February 13, 1985, and February 26, 1985, without the "State of Kansas presenting a signed affidavit, testimony or other evidence in order that said Magistrate could make an independent finding of probable cause prior to the issuance of a warrant or a summons."

Massey was recharged, probable cause was properly determined, and he eventually pled guilty to burglary of the drugstore.

On April 7, 1986, Massey filed this action against Cox, Shepack, and the County Commissioners alleging unlawful deten-

tion, deprivation of his constitutional rights to life, liberty, or property without due process of law, and violation of his right to equal protection under the United States Constitution.

After depositions of Cox, Shepack, Massey, and Herman Dungan, the Meade County Undersheriff, had been taken, motions for summary judgment were filed by all defendants. On December 31, 1986, the district court construed Massey's petition to allege a civil rights violation under 42 U.S.C. § 1981 *et seq.* (1982), but concluded the petition was in fact predicated on the theory of false arrest. Because K.S.A. 60-514(2) provided a one-year period of limitations and the civil rights claims were held to be analogous to false imprisonment, the court ruled the action was time barred. The court's ruling did not consider the individual liability of the county attorney, the sheriff, or the board of the county commissioners.

On January 12, 1987, Massey filed a motion to set aside the court's findings of fact, conclusions of law, and judgment. The defendants requested rulings on their denials of individual liability.

In a supplemental journal entry, the court found that Shepack was acting as county attorney and had absolute immunity from civil liability; that uncontroverted facts disclosed no genuine material issue as to the good faith of Sheriff Cox, who was therefore not liable; and that there was no basis for the liability of the county commissioners because the facts did not disclose a county policy or custom which displayed disregard for civil rights protected by 42 U.S.C. § 1983 (1982).

On April 7, 1987, the district court denied Massey's motion for reconsideration. Massey appeals.

The parties on appeal raise four issues: (1) Whether a civil rights claim under 42 U.S.C. § 1983 alleging false imprisonment is barred by a one-year statute of limitations pursuant to K.S.A. 60-514(2), (2) whether any genuine material issue of fact remains as to Sheriff Cox's defense of good faith, (3) whether the county attorney has absolute immunity from civil liability, and (4) whether the county commissioners can be held vicariously liable.

Massey, in his petition, alleges "wrongful imprisonment and confinement," "unlawful custody and imprisonment," and that he was "deprived of life, liberty, or property without the process

of law," but in no place specifically states that a violation of 42 U.S.C. § 1983 occurred. The court and the parties have treated this matter as alleging a civil rights violation and based upon Kansas' liberal rules of notice pleading (K.S.A. 60-102), we hold Massey adequately pled a violation of civil rights under § 1983, even though the better practice is to strictly plead such a violation. *Gumbhir v. Kansas State Board of Pharmacy*, 231 Kan. 507, 514, 646 P.2d 1078 (1982), *cert. denied* 459 U.S. 1103 (1983).

*Is a civil rights claim under 42 U.S.C. § 1983 alleging false imprisonment barred by a one-year statute of limitations pursuant to K.S.A. 60-514(2)?*

The propriety of a state court considering and enforcing federal civil rights statutes has been examined by the Kansas Supreme Court:

"In *Martinez v. California*, 444 U.S. 277, 62 L. Ed. 2d 481, 100 S. Ct. 553 (1980), the court held actions under 42 U.S.C. § 1983 may be brought in state courts. Similarly, in *Maine v. Thiboutot*, 448 U.S. 1, 65 L. Ed. 2d 555, 100 S. Ct. 2502 (1980), the court applied § 1988 to a civil rights action brought in state court. Thus, it is apparent federal civil rights statutes are enforceable by state courts." *Gumbhir v. Kansas State Board of Pharmacy*, 231 Kan. at 509.

Our first consideration must be to determine the correct statute of limitations for a 42 U.S.C. § 1983 claim in Kansas.

The applicable period of limitations for civil rights actions has been historically troublesome. See *Sullivan v. LaMunyon*, 572 F. Supp. 753 (D. Kan. 1983), where Judge Theis presents a history of the problem, and *Miller v. City of Overland Park*, 231 Kan. 557, 646 P.2d 1114 (1982), where Justice Holmes recognized there was no mandated statute of limitations and that state law was deemed to be determinative. In *Miller*, based upon facts supporting a cause of action for libel, slander, assault, battery, malicious prosecution, or false imprisonment, the statute of limitations was deemed to be one year pursuant to K.S.A. 60-514.

The United States Supreme Court has now spoken on the subject. *Wilson v. Garcia*, 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985), held that federal rather than state law governs the characterization of a § 1983 claim for statute of limitations purposes. However, the length of the limitations period and related questions of tolling and application are governed by state law. In *Garcia*, 42 U.S.C. § 1988 (1982) was construed as a directive to select in each state the most appropriate statute of

limitations for all § 1983 claims. 471 U.S. at 275. Claims under § 1983 were best characterized as personal injury actions for statute of limitations purposes. 471 U.S. at 279. The *Garcia* court affirmed the Tenth Circuit Court of Appeals' application of the 3-year New Mexico statute of limitations to the plaintiff's § 1983 claim. *Garcia v. Wilson*, 731 F.2d 613 (10th Cir. 1984).

K.S.A. 1987 Supp. 60-513(a)(4) specifies a two-year period of limitations for "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated." *Hamilton v. City of Overland Park, Kan.*, 730 F.2d 613 (10th Cir. 1984), decided the same day as the Tenth Circuit Court of Appeals' decision in *Garcia*, determined 60-513(a)(4) was the applicable statute of limitations for § 1983 claims in Kansas. The rationale of the United States Supreme Court in affirming the Tenth Circuit Court of Appeals in *Garcia* establishes the continuing validity of *Hamilton* and reinforces the imposition of a two-year statute of limitations on Kansas § 1983 claims.

While the district court may have been incorrect in ruling a one-year period of limitation applies to a claim under § 1983, we affirm the result reached by the district court but base our decision on different grounds.

The United States Supreme Court, in *Parratt v. Taylor*, 451 U.S. 527, 543-44, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), *rev'd on other grounds* 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986), held that when a state provides an adequate remedy for a negligent deprivation of property, that remedy itself constitutes the due process required by the Fourteenth Amendment and a civil rights claim does not lie.

In *Alvarado v. City of Dodge City*, 238 Kan. 48, 55, 708 P.2d 174 (1985), a suit wherein false imprisonment, assault and battery, defamation, and violation of civil rights was alleged, Justice Prager stated:

"[T]he Kansas tort actions for false imprisonment, battery, and defamation provide an adequate postdeprivation remedy sufficient to satisfy the requirements of due process under the Fourteenth Amendment. Clearly in this case, any deprivation of a liberty interest of the plaintiff resulted from a random and unauthorized act by an off-duty police officer and there is no way that the State could have provided a meaningful predeprivation hearing. Hence, due process can be satisfied through a meaningful postdeprivation hearing."

Kansas, like Minnesota in *Hanson v. Larkin*, 605 F. Supp. 1020 (D. Minn. 1985), concludes that when state law provides an

adequate remedy by a cause of action for false arrest the plaintiff has no § 1983 claim.

A distinction seems to have been raised in some cases between the involvement of a "liberty" as opposed to a "property" interest. The Kansas Supreme Court did not in *Alvarado* attempt to make such a distinction, nor do we herein. We hold, as did the court in *Alvarado*, that there are adequate state remedies for false arrest which preclude the application of § 1983 rights to the facts alleged in this appeal.

The issue was not directly raised in *Miller v. City of Overland Park*, but the Kansas Supreme Court, in an action brought to recover damages for false arrest, stated there may be no basis for a due process civil rights action under § 1983 when an adequate remedy is provided by state law. The wording in *Miller* clearly supports our holding herein. 231 Kan. at 562-63.

Applying *Parratt, Alvarado*, and *Miller* to the facts here, it is clear that Massey has no civil rights claim. His remedy was to bring an action for false imprisonment. Because he failed to bring such an action within one year as required by K.S.A. 60-514(2) his remedy is time barred.

The claim of Massey is further fatally flawed as to each of the named defendants for the following reasons:

*County Attorney Joe Shepack*

The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976), held a public prosecutor is absolutely immune from liability under the Federal Civil Rights Act for any actions that he or she takes in prosecuting a criminal case, regardless of the prosecutor's motive or use of tactics. Prosecutorial immunity has long been recognized in Kansas. *Smith v. Parman*, 101 Kan. 115, 165 Pac. 663 (1917). *Smith* was cited with approval in *Imbler*. More recently, in *Knight v. Neodesha Police Dept.*, 5 Kan. App. 2d 472, Syl. ¶ 6, 620 P.2d 837 (1980), the Court of Appeals stated: "The attorney general and county attorney have absolute immunity for their conduct in investigations for potential prosecution. This immunity applies to the decision not to act as well as the decision to file charges."

County Attorney Shepack was acting as a public prosecutor and his immunity is absolute, which requires the granting of summary judgment on his behalf.

*Sheriff Michael E. Cox*

Massey, in his deposition, clearly admitted that Cox, at all times, acted in good faith. It is further stated in the record that Cox followed the advice of the Meade County Attorney and acted in compliance with existing court orders of the Meade County Magistrate Judge. The United States Supreme Court in *Pierson v. Ray*, 386 U.S. 547, 18 L. Ed. 2d 288, 87 S. Ct. 1213 (1967), held a defense of good faith while acting with probable cause extends to police officers in an action for damages under § 1983.

Massey contends a jury must decide the issue of good faith. The good faith defense has been analyzed in 61 Annot., A.L.R. Fed. 7, 13-14:

"[A] number of courts have subscribed to the general view that the defense consists not only of a subjective component that the official acted without malice or improper intentions but also an objective component to the extent that the belief of the official in the actions taken, or the actual execution of these actions, must be reasonable. Of course, the necessary implication of this view is that good-faith standing alone is not an adequate defense by a law enforcement official to a damage claim for deprivation of rights under 42 USCS § 1983. Thus, the good-faith defense, has, in the facts and circumstances presented in various cases, been referred to as the defense of good faith and probable cause, the good faith and reasonable belief defense, the defense of reasonable good faith, as well as the qualified good-faith immunity of law enforcement officials."

Whether the issue of good faith must be tried before the jury is also analyzed in this same annotation:

"It has also been held that summary judgment may be rendered in favor of a law enforcement official if pleadings and affidavits show that there is no genuine issue as to the good-faith defense in a 42 USCS § 1983 damage action for deprivation of constitutional rights. Thus, although indicating a hesitancy to grant summary judgment motions with regard to the dismissal of a 42 USCS § 1983 damage action against a law enforcement official claiming entitlement to a good-faith defense, courts have nevertheless pointed out that affidavits, depositions, and even the pleadings themselves, may be utilized in successfully establishing such a defense on a motion for summary judgment." 61 A.L.R. Fed. at 15-16.

The Kansas Court of Appeals, in *Alvarado v. City of Dodge City*, 10 Kan. App. 2d 363, Syl. ¶ 8, 702 P.2d 935, *aff'd in part, rev'd in part* 238 Kan. 48, 708 P.2d 174 (1985), held: "A police officer is entitled to good faith or qualified immunity for warrantless arrest if he had probable cause."

Cox's conduct in this action is not in dispute. Massey made no negative showing of bad faith, while Cox's affirmative showing

of good faith was clearly established. Irrespective of the statute of limitations holding herein, summary judgment in Cox's favor is proper.

*Board of County Commissioners*

There was absolutely no testimony that the Board of County Commissioners of Meade County had any involvement whatsoever in the within facts. Our Kansas Supreme Court in *Alvarado* 238 Kan. 48, approved the Court of Appeals' holding that a local government cannot be held liable for civil rights violations of its agents under a respondeat superior theory. Local governments may be liable only when execution of a government policy or custom inflicts the injury. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). There is no official policy of the Board of County Commissioners which caused any detriment to Massey and the granting of summary judgment in its favor is expressly approved.

Affirmed.