36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Floyd David SLUSHER, Plaintiff-Appellant,
v.
Mary GABLER, Van Whisman, Bill Fitzgerald, City of Lakewood,
Defendants-Appellees.
 No. 94-1079.
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Floyd David Slusher is a prisoner at Colorado's Limon Correctional facility. He filed this pro se civil rights action seeking monetary, declaratory, and injunctive relief pursuant to 42 U.S.C.1983. Slusher alleges the individual defendants, who are police and parole officers with the City of Lakewood, Colorado, violated his constitutional rights during the criminal investigation which ultimately led to his conviction on charges of sexual exploitation of a minor. The district court adopted the magistrate judge's recommendation to grant summary judgment. That court also denied Slusher's motion to proceed in forma pauperis on appeal. We will grant Slusher's motion to proceed without prepayment of costs and fees but affirm the grant of summary judgment.
 
 
 4
 In February of 1989, defendant Mary Gabler of the Lakewood, Colorado, police department spoke with an informant who told her Slusher was operating a pornography ring involving young boys. At the time, Slusher was on parole from a 1977 conviction for exploitation of a minor. Gabler contacted defendant Van Whisman, Slusher's parole officer, to tell him what she had learned. Whisman then went to Slusher's home with parole officer Bill Fitzgerald, another defendant, to investigate the possible parole violation.
 
 
 5
 During a search of Slusher's home, the parole officers found several slides of young boys in nude poses. Slusher was arrested for investigation of a parole violation, and the slides were given to the Lakewood police department. Upon reviewing the slides, Officer Gabler applied for, and was issued, a search warrant. A second search ensued. Slusher was ultimately charged with, and convicted of, three counts of sexual exploitation of a minor. The Colorado Court of Appeals affirmed the convictions. See People v. Slusher, 844 P.2d 1222, 1230 (Colo. Ct.App.1992), cert. denied, 113 S.Ct. 3050 (1993).
 
 
 6
 In June of 1992, Slusher filed this civil rights complaint, alleging that the defendants conspired to deny him of his constitutional rights in conducting the searches. Each of the eight causes of action described in the complaint relate to conduct taken in February of 1989. In a section identified as "ADDITIONAL RELATED FACTS," however, Slusher maintained that the alleged conspiracy continued into 1991 and 1992 because the parole board did not, as required by law, review his parole revocation. He alleges that the influence of the defendants, in furtherance of the conspiracy, resulted in the board's inaction.
 
 
 7
 We review the grant of summary judgment de novo, applying the same legal standard which the district court used under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Judgment under this rule "is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We note, however, that only disputes affecting the outcome of the lawsuit will preclude summary judgment. Irrelevant facts are not dispositive. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With these standards in mind we turn to the threshold issue presented on appeal, which is whether the district court erred in holding that the statute of limitations bars this complaint.
 
 
 8
 Congress did not include a statute of limitations provision in 42 U.S.C.1983. Workman v. Jordan, Nos. 93-1138, 93-1178, 1994 WL 432267, at * 6 (10th Cir. Aug. 16, 1994). The Supreme Court has instructed, however, that state personal injury limitations statutes should be used. Owens v. Okure, 488 U.S. 235, 249-50 (1989). Here, the magistrate judge and the district court applied the two-year period found in Colo.Rev.Stat. 13-80-102. This circuit has approved that statute for use in civil rights actions arising in Colorado. See Blake v. Dickason, 997 F.2d 749, 750-51 (10th Cir.1993); see also Arnold v. Duchesne County, 26 F.3d 982, 985 n. 5 (10th Cir.1994)(acknowledging application of Colorado's residual limitations statute for use in 1983 actions).
 
 
 9
 The two-year period found in section 13-80-102 was triggered at the time Slusher knew, or reasonably should have known, of the injury he alleges. Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.1994), petition for cert. filed, May 9, 1994 (No. 93-9079). All of the events described in Slusher's eight causes of action occurred in February of 1989, and it is clear he was aware of them at that time. The two-year window for commencing this lawsuit closed, therefore, in February of 1991. Because the complaint was not filed until June of 1992, it would appear to be barred.[2]
 
 
 10
 Slusher does not argue that the district court erred in applying the two-year limitations period, nor does he deny that the events surrounding the searches occurred in early 1989. Instead, he maintains the defendants' conspiracy continued into 1990 and '91 when the board revoked his parole and then failed to review his 1977 conviction to determine his eligibility for release. In essence, Slusher is arguing that the defendants' actions constitute a continuing violation of 1983.
 
 
 11
 This court has applied the continuing violation doctrine as an equitable remedy in the Title VII context. Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1543 (10th Cir.1987). We have not specifically extended it to 1983 claims. See Hunt, 17 F.3d at 1266. In Hunt, however, we reaffirmed that "an allegation of a conspiracy constitutes a viable claim under 1983, even if the alleged conspiracy began at a point that would be barred by the statute of limitations." Id. What is significant when considering conspiracy claims in this context is the date the claim accrued, not the date the defendants commenced the alleged conspiracy. Robinson v. Maruffi, 895 F.2d 649, 654-55 (10th Cir.1990). Therefore, under the right circumstances, an otherwise time barred claim could be brought outside the usual limitations period.
 
 
 12
 Even assuming application of the continuing violation doctrine here, Slusher's allegations of conspiracy do not qualify. As a preliminary matter, it is clear the alleged conspiracy claim accrued in February of 1989. Slusher was obviously aware of the searches as they were taking place. Moreover, the allegations regarding a supposed conspiracy are conclusory at best. The complaint does not allege specific facts "showing agreement and concerted action" among the defendants. Hunt, 17 F.3d at 1266. Slusher's attempts to lengthen the filing period through these allegations is unavailing. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989)("Conclusory allegations of conspiracy are insufficient to state a valid 1983 claim."). Because the action was not brought within two years of February, 1989, it is barred.[3]
 
 
 13
 We have reviewed appellees' request for Fed.R.App.P. 38 damages. That request is DENIED. The motion to proceed in forma pauperis is GRANTED. The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In his brief on appeal to this court, Slusher argues for the first time that the statute of limitations period should have been tolled. We will not consider this issue. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir.1993)("we have consistently refused invitations to consider new issues on appeal")
 
 
 [3]
 In light of our disposition, we have not reached the other issues raised in this appeal. We have reviewed each of them, however, and have determined they are without merit