Jimmie D. OYLER, Plaintiff,

v.

Joan FINNEY, et al., Defendants.

Civ. A. No. 94–2154–GTV.

United States District Court,
D. Kansas.

Nov. 14, 1994.

Memorandum Denying Reconsideration
Dec. 16, 1994.

Jimmie D. Oyler, pro se.

John W. Campbell, Office of the Atty. Gen., Topeka, KS, for Joan Finney, Mike Hayden, William B. McCormick, Steven A. Stotts, D. Philip Wilkes, Alisa M. Dotson, Brian Cox, Mark Burghart, Bret Robinson, Nancy Parrish, Mark Ciardullo, Hazel Smith, Melanie Caro, Mark Beshears, Robert Stephan, Nathan Paul Yonley, Richard Marchewka.

Nancy E. Freund, Murphy & Freund, Topeka, KS, for Celo G. Murphy.

Lawrence L. Ferree, III, Catherine J. Watson, Ferree & Bunn, Chtd., Overland Park, KS, for Fred Allenbrand, John Swifield, Major Smith.

LeeAnne Hays Gillaspie, Johnson County Legal Dept., Olathe, KS, for Sue E. Weltner, Johanna Lingle, Annabeth Surbaugh, Murray L. Nolte, Bruce R. Craig.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the following motions:

Motion to Dismiss of State Defendants (Doc. 37);

Motion to Dismiss and/or Motion for Summary Judgment of Defendant Cleo G. Murphy (Doc. 39);

Motion to Dismiss of Defendant Mike Hayden (Doc. 48); and

Motion for Summary Judgment of Defendants Fred Allenbrand, John Scofield, and Major Larry Smith (Doc. 53).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for damages, asserting several claims against numerous state and county officials. The plaintiff's claims can be summarized as follows: (1) the State of Kansas is without authority to tax and regulate plaintiff's purchase and sale of cigarettes and, therefore, the enforcement of this tax scheme is a violation of plaintiff's constitutional and Indian treaty rights; and (2) state and county officials violated plaintiff's constitutional rights when they searched plaintiff's smokeshop and seized plaintiff's property and the violations continued with plaintiff's arrest, conviction and incarceration for selling nontax-stamped cigarettes.

Defendants request dismissal of the action pursuant to Fed.R.Civ.P. 12(b)(1) and

12(b)(6).[1] Plaintiff has responded and opposes the defendants' motions. For the reasons stated in this memorandum and order, the court concludes that it lacks subject matter jurisdiction over plaintiff's claims regarding the Kansas cigarette tax scheme, and further that plaintiff's section 1983 claims are barred by the statute of limitations. The above-listed motions are granted and the case is dismissed.

## I. Background

A description of the events leading up to the filing of this suit is helpful in understanding the issues confronting the court in this case.

Plaintiff Jimmie D. Oyler is a Shawnee Indian and an enrolled member of the Cherokee Nation. Plaintiff owns and operates Jim's Indian Country Smokeshop located in rural Johnson County, Kansas. The smokeshop is on Shawnee Reserve 206, a restricted Indian allotment classified as "Indian country" pursuant to 18 U.S.C. § 1151.

During December 1989 and January 1990, agents from the Kansas Bureau of Investigation purchased cigarettes at plaintiff's smokeshop while working undercover. None of the cigarettes had Kansas tax stamps, the purchasers did not pay Kansas sales tax, and plaintiff did not ask the agents if they were Indians. On January 23, 1990, acting pursuant to a search warrant, approximately 8,888 cartons of cigarettes, money from cigarette sales, and records concerning sale of cigarettes were seized. Plaintiff was convicted in the Johnson County District Court for selling nontax-stamped cigarettes in violation of K.S.A. §§ 79–3321 and 79–3322.

Plaintiff challenged the state court's jurisdiction, based on (1) the Treaty of 1831 with the Shawnee Tribe, (2) the Kansas Organic Act and the Admission Act, and (3) general federal Indian law. The trial court dismissed the jurisdictional motion.

Plaintiff appealed his conviction to the Kansas Court of Appeals. The court held that the State of Kansas had criminal jurisdiction over Mr. Oyler under 18 U.S.C. § 3243; and he was subject to the provisions of K.S.A. §§ 79–3321 and 79–3322. *State v. Oyler,* 15 Kan.App.2d 78, 82–83, 803 P.2d 581, 584 (1990). The court concluded that the State of Kansas had jurisdiction to impose taxes on the sale of cigarettes by Mr. Oyler to non-Indians. *Id.* 15 Kan.App.2d at 83, 803 P.2d 581. The Kansas Supreme Court denied review.

Subsequently, plaintiff filed a petition for writ of habeas corpus with this court. *Oyler v. Allenbrand,* 815 F.Supp. 1441 (D.Kan. 1993). Mr. Oyler challenged his conviction, arguing that (1) the state court lacked criminal subject matter jurisdiction, and (2) the state court's failure to abide by the Treaty of 1831 with the Shawnee violated his civil rights pursuant to 42 U.S.C. § 1983. The court dismissed the petition, holding that the State of Kansas had criminal jurisdiction and that Mr. Oyler's § 1983 claim was improperly asserted in a petition for writ of habeas corpus. *Allenbrand,* 815 F.Supp. at 1443. Mr. Oyler appealed the dismissal.

The Tenth Circuit affirmed the district court's holding, but remanded for decision on two issues first raised by Mr. Oyler in an amended motion to reconsider, which the district court had denied. *Oyler v. Allenbrand,* 23 F.3d 292, 299–300 (10th Cir.1994). Mr. Oyler's two additional arguments were as follows: (1) the tax imposed on him by the State of Kansas is regulatory in nature and thus unenforceable as to him under the rationale of *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987); and (2) he was impermissibly denied his right to trial by jury.

On remand, the district court held that Mr. Oyler failed to raise the issues in his state court appeal and that this failure to exhaust state court remedies barred raising the issues in the federal habeas corpus action. *Oyler v. Allenbrand,* 1994 WL 413763 (D.Kan. July 15, 1994), *cert. denied,* — U.S. ——, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994).

---

1. Because the court does not find it necessary to look beyond the pleadings to decide the motions, it will construe the motion for summary judg-

ment filed by defendants Allenbrand, Scofield, and Smith as a motion to dismiss.

Plaintiff filed the present action on April 13, 1994. Plaintiff seeks to assert the claims that were dismissed from the habeas corpus action.

## II. Discussion

Plaintiff challenges the authority of the State of Kansas to tax and regulate the sale of cigarettes on Indian land. Plaintiff also claims violations of his civil rights related to his state court conviction for selling nontax-stamped cigarettes.

### A. Cigarette Tax Scheme

Plaintiff seeks damages under 42 U.S.C. § 1983, claiming that the cigarette tax scheme utilized by the State of Kansas violates the Constitution and several Indian treaties and that the State of Kansas is without jurisdiction to tax and regulate the purchase and sale of cigarettes by an Indian on Indian land. Plaintiff's suit is brought as an individual and not on behalf of any Indian tribe.

Defendants move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1). Defendants argue that the Tax Injunction Act, 28 U.S.C. § 1341, and the principle of comity deprive this court of subject matter jurisdiction. The court agrees that it is without jurisdiction to entertain the plaintiff's claims regarding the Kansas cigarette tax scheme.

The Tax Injunction Act provides as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

■ 28 U.S.C. § 1341. Section 1341 drastically limits federal district court jurisdiction to interfere with state collection of taxes. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 110, 102 S.Ct. 177, 183, 70 L.Ed.2d 271 (1981) (quoting *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 522, 101 S.Ct. 1221, 1233, 67 L.Ed.2d 464 (1981)).

In *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir.1986), the court of appeals affirmed the district court's dismissal of a similar § 1983 action brought by two Indians claiming civil rights violations based on Oklahoma officials' seizure for forfeiture of certain untaxed cigarettes which the plaintiffs had for sale. The court held that the Tax Injunction Act's restrictions on federal court jurisdiction is not limited to injunctive relief, but bars suits for damages as well. *Id.* at 1239 (citing *Marvin F. Poer & Co. v. Counties of Alameda*, 725 F.2d 1234, 1236 (9th Cir.1984)). Additionally, the court agreed that couching the complaint in terms of civil rights violations rather than a direct attack on the validity of the tax itself does not avoid the jurisdictional limits of section 1341.

■ Section 1341 contains an express exception. The jurisdictional bar of section 1341 does not apply unless "a plain, speedy and efficient remedy may be had in the courts of such state." The statute requires only minimal state procedural remedies. *Id.* at 1240 (citing *Rosewell*, 450 U.S. at 512, 101 S.Ct. at 1228)).

■ Kansas provides an adequate remedy to the challenge of the lawfulness of its taxing authority and administration under the Kansas Cigarettes and Tobacco Products Act. *See* K.S.A. §§ 79–3301 to 79–3390. A taxpayer can appeal the assessment of cigarette and tobacco product taxes to the Kansas Department of Revenue's Director of Taxation. The taxpayer may appeal an unsatisfactory result to the State Board of Tax Appeals. K.S.A. § 74–2438. If relief is denied by the Board of Tax Appeals, the taxpayer can file a petition for judicial review. K.S.A. §§ 74–2426(c) & 77–613. The taxpayer may seek final review of substantive federal constitutional claims in the United States Supreme Court. *Mobil Oil Corporation v. United States Dep't of Energy*, 739 F.Supp. 1449, 1452 (D.Kan.1990) (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 515 n. 19, 101 S.Ct. 1221, 1230 n. 19, 67 L.Ed.2d 464 (1981)). Additionally, § 1983 actions are available in the state court. *Massey v. Shepack*, 12 Kan.App.2d 770, 773, 757 P.2d 329, 331 (1988) (quoting *Gumbhir v. Kansas State Board of Pharmacy*, 231 Kan. 507, 509, 646 P.2d 1078 (1982), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983)).

**1022**

The court concludes that these state remedies provide a full and fair opportunity for plaintiff to present his claim that the Kansas tax scheme is in violation of the constitution and several Indian treaties. Pursuant to 28 U.S.C. § 1341, this court is without jurisdiction to entertain plaintiff's § 1983 action for damages challenging the validity of the state's cigarette tax scheme.

■ This court also rests its conclusion that it is barred from entertaining these § 1983 claims on the principle of comity. As the Supreme Court has stated:

> The recovery of damages under the Civil Rights Act first requires a "declaration" or determination of the unconstitutionality of a state tax scheme that would halt its operation. And damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim. We consider such interference to be contrary to "[t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts."

*Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 115–16, 102 S.Ct. 177, 185–86, 70 L.Ed.2d 271 (1981) (quoting *Matthews v. Rodgers*, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932)); *see also Brooks v. Nance*, 801 F.2d 1237, 1241 (10th Cir.1986). Taxpayers should seek remedy in state courts, assuming those remedies are plain, adequate, and complete. *Id.* at 116, 102 S.Ct. at 186. As discussed above, this court has determined that the remedies that the State of Kansas provides taxpayers meet these minimum procedural requirements.[2] The court concludes that plaintiff's assertion that the Kansas cigarette tax scheme is illegal and unconstitutional is barred by 28 U.S.C. § 1341 and the principle of comity. The court does not have subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and the claims based on this assertion are dismissed.

### B. State Court Conviction Claims

Plaintiff's remaining claims arise out of the plaintiff's arrest and subsequent state conviction for selling nontax-stamped cigarettes. On January 23, 1990, state and county officials entered plaintiff's property, seized items related to plaintiff's illegal sale of cigarettes, and arrested plaintiff. Plaintiff claims that defendants' acts violated his constitutional rights and his rights under several Indian treaties. Plaintiff seeks damages under 42 U.S.C. § 1983 for the violations which include trespass, illegal search and seizure, false arrest, denial of right to jury trial, false imprisonment, and lack of due process. Plaintiff asserts these claims against "defendants" generally in his complaint. Defendants argue that the claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because they are barred by the statute of limitations under K.S.A. § 60–513(a)(4).

■ The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

To the extent that plaintiff's claims of trespass, illegal search and seizure, false arrest, denial of right to jury trial, false imprisonment, and lack of due process are based on the state's jurisdiction to enforce the Cigarette and Tobacco Products Act, these claims

---

**2.** The United States Supreme Court has concluded that there is no significant difference between remedies that are "plain, adequate, and complete," as articulated in cases implicating principles of federalism and comity and remedies that are "plain, speedy and efficient," as stated in § 1341. *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 116 n. 8, 102 S.Ct. 177, 186 n. 8, 70 L.Ed.2d 271 (1981).

are barred by the Tax Injunction Act and comity. *See Comenout v. State of Washington,* 722 F.2d 574, 578 (9th Cir.1983) (If the gravamen of plaintiff's complaint is the state's enforcement of its cigarette tax scheme, then plaintiff's claims are barred.). The claims are not barred if plaintiff is attempting to assert claims against individual actors for constitutional violations. *Id.* (Reinhardt, J., concurring) ("[O]ur holding should not be read to suggest that as a general rule the Tax Injunction Act precludes suits for damages for assaults or similar torts committed by state or local officers in the course of enforcing state tax laws.")

Plaintiff does not clearly specify in his complaint that these claims are against specific state agents or police officers for constitutional violations. Construing the complaint liberally, the court will assume that plaintiff wishes to assert claims of constitutional violations against specific actors. This assumption, however, does not rescue the claims from dismissal. These § 1983 claims alleging constitutional violations by individual defendants during the investigation and prosecution of plaintiff's state conviction are time barred.

■ "It is well-settled that in this federal district a two year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983." *Johnson v. City of Overland Park,* 1990 WL 134341 (D.Kan. Aug. 30, 1990) (citing *Hamilton v. City of Overland Park,* 730 F.2d 613 (10th Cir.1984), *cert. denied,* 471 U.S. 1052, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985)). Although federal law governs the characterization of actions under § 1983, courts must look to state law for the length of the limitations period. *Massey v. Shepack,* 12 Kan.App.2d 770, 773, 757 P.2d 329, 332 (1988) (citing *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). "Claims under § 1983 [are] best characterized as personal injury actions for statute of limitations purposes." *Id.* at 774, 757 P.2d 329.

■ Kansas law specifies a two-year statute of limitations for "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated." K.S.A. § 60–513(a)(4). Section 60–513(a)(4) is the applica-

ble statute of limitations for § 1983 actions in Kansas. *Hamilton,* 730 F.2d at 614; *Massey,* 12 Kan.App.2d at 774, 757 P.2d at 332.

■ Plaintiff's complaint alleges that the conduct complained of occurred on January 23, 1990. Plaintiff was convicted of selling nontax-stamped cigarettes in 1990. The present action was filed on April 13, 1994. Plaintiff's claims of constitutional violations by defendants occurring during the investigation and prosecution of the plaintiff's state conviction occurred more than two years before the filing of this suit and are barred by the Kansas two-year statute of limitations.

Plaintiff attempts to avoid the statute of limitations bar by claiming continuing violations to the present date. The only continuing violations alleged arise out of the state's continued enforcement of its cigarette tax scheme. As discussed above, the court is without jurisdiction to consider these claims.

Although the continuing violations doctrine has been applied in Title VII claims, it has not been extended to § 1983 actions. *See Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir.1994); *Slusher v. Gabler,* 36 F.3d 1105 (10th Cir.1994). The Tenth Circuit has, however, allowed a claim of conspiracy under § 1983 to include acts occurring outside the statute of limitations period. *Hunt,* 17 F.3d at 1266. Plaintiff has failed to allege any specific facts supporting a claim of conspiracy. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir.1989).

The court concludes that any claims of constitutional violations by individual state and county officials alleged in the plaintiff's complaint are barred by the Kansas two-year statute of limitations. Pursuant to Fed. R.Civ.P. 12(b)(6), plaintiff has failed to state a claim upon which relief can be granted. The remaining claims are dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that the Motion to Dismiss of State Defendants (Doc. 37) is granted;

IT IS FURTHER ORDERED that the Motion to Dismiss and/or Motion for Sum-

mary Judgment of Defendant Cleo G. Murphy (Doc. 39) is granted;

IT IS FURTHER ORDERED that the Motion to Dismiss of Defendant Mike Hayden (Doc. 48) is granted;

IT IS FURTHER ORDERED that the Motion for Summary Judgment of Defendants Fred Allenbrand, John Scofield, and Major Larry Smith (Doc. 53) is granted.

IT IS FURTHER ORDERED that the case is hereby dismissed. The court finds it unnecessary to rule on the following motions: Plaintiff's motion for order for costs (Doc. 1–1); Plaintiff's motion for order requesting the court to void procedures based on Kansas law (Doc. 1–3); State defendants' motion to stay proceedings (Doc. 36); and Defendant Allenbrand's motion to stay proceedings (Doc. 52).

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

### MEMORANDUM AND ORDER ON RECONSIDERATION

This case is before the court on Plaintiff's "Motion to Reconsider, Void Order of the Court and Proceed to Jury Trial, and/or Motion to Disqualify" (Doc. 60). The motion to reconsider is properly raised pursuant to D.Kan.R. 206(f). In his motion, plaintiff urges the court to reconsider its order dated November 10, 1994 in which the court dismissed plaintiff's action for lack of jurisdiction and failure to state a claim upon which relief can be granted. The court has reviewed the plaintiff's motion and the record. For the reasons stated in this memorandum and order, the motion is denied.

 Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Estate of Pidcock v. Sunnyland*

*America, Inc.*, 726 F.Supp. 1322, 1333 (S.D.Ga.1989); *see Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981).

The court has determined that none of the above-listed grounds for granting reconsideration exists in the present case. Plaintiff's motion for reconsideration suggests that the court's prior ruling dismissing the case is contrary to existing law on the court's jurisdiction and on the applicable statute of limitations.

As stated in the memorandum and order dated November 10, 1994, the court is without jurisdiction to consider the plaintiff's challenge of the state's cigarette tax scheme under 28 U.S.C. § 1341 and the principle of comity. Additionally, the plaintiff's 42 U.S.C. § 1983 claims arising out of the plaintiff's arrest and subsequent state conviction for selling nontax-stamped cigarettes are barred by the applicable two-year statute of limitations.

 In his motion for reconsideration, plaintiff presents no new case law or any example of error by the court which would compel reconsideration of its previous order. Plaintiff has already argued these legal issues in his prior briefs, and his current motion contains no case law or authority which persuades the court that its prior interpretation of existing law was incorrect. Accordingly, the court sees no reason why its previous order dismissing this case should be reconsidered.

In the alternative, plaintiff moves to disqualify and void the decision by the court. The motion to disqualify the undersigned United States District Judge is denied because there is no basis for it. The motion to disqualify is filed pursuant to 28 U.S.C. § 455. Plaintiff argues that "disqualification is necessary to correct the biased facts and pecuniary interest used by the Court" in deciding to dismiss the plaintiff's case. Subsection (a) of the statute requires disqualification of a judge "in any proceeding in which his impartiality might reasonably be questioned." The court is unable to perceive any reason that its impartiality might be questioned in this case. The other grounds for disqualification raised by plaintiff include

subsection (b)(1), personal bias or prejudice, and subsection (b)(4), financial interest. The court cannot perceive any personal bias or prejudice on its part in dismissing the case for lack of jurisdiction and failure to state a claim. Additionally, the plaintiff's assertion that the court has a financial interest in the outcome of the case is without basis.

IT IS, THEREFORE, BY THE COURT ORDERED that the Plaintiff's Motion to Reconsider, Void Order of the Court and Proceed to Jury Trial, and/or Motion to Disqualify (Doc. 60) is denied.

IT IS FURTHER ORDERED that due to the court's disposition of the above motion, Plaintiff's Motion to Require the Attorney General of the United States be Made a Party to this Action as the Direct Representative of the President of the United States (Doc. 62) is denied as moot.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**